

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,253-01

### EX PARTE JAMES EDWARD SHAW, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14957A IN THE 29TH DISTRICT COURT FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to forty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Shaw v. State*, No. 11-13-00241-CR (Tex. App.—Eastland Aug. 6, 2015) (not designated for publication).

Applicant contends, among other things, that his fine of $10,000 is unauthorized and that his sentence is illegal. The trial court made findings of fact and conclusions of law and determined that there were no controverted, previously unresolved facts material to Applicant's confinement. We

believe that the record is not sufficient to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine: (1) what convictions, if any, were used to enhance Applicant's punishment under § 12.42(d) of the Penal Code; (2) whether Applicant's sentence is illegal; and (3) whether a $10,000 fine was authorized. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 24, 2016
Do not publish